FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 0 8 2007

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) BAYROCK CORPORATION, ) ) Defendant. ) | CIVIL ACTION NUMBER: 1:07-CV-1331-CC |

## COMPLAINT

This is an action under the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), Title I of the Americans with Disabilities Act, as amended ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of age and perceived disability, and to provide appropriate relief to the Charging Party, Patsy Payne (hereinafter "Charging Party"), who was adversely affected by such practices. The Commission alleges that the Defendant reduced Charging Party's working hours and eventually discharged her because of her age and disability.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 7(b) of the ADEA, 29 U.S.C. § 626(b), which incorporates by reference Section 16(c) and 17 of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217; Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA and ADA, and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C.

§ 626(b); and Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Bayrock Corporation (the "Defendant") has continuously been a corporation doing business in the State of Georgia, and the city of Atlanta, and has continuously had at least 20 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g), and (h); Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit, the Charging Party filed a charge of discrimination with the Commission alleging violations of the ADEA and ADA. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Prior to the institution of this lawsuit, the Commission attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b), and Section 706 of Title VII, 42 U.S.C. § 2000e-5(b) as incorporated into the ADA.

9. Beginning in or around May 2004, Defendant engaged in unlawful employment practices, in violation of Section 4 of the ADEA, 29 U.S.C. § 623, and Section 102 of the ADA, 42 U.S.C. § 12112, by reducing Charging Party's working hours and eventually discharging her because of her age and disability, as defined by 42 U.S.C. § 12102(2).

10. The effects of the practices complained of in paragraph 9 above have been to deprive the Charging Party of equal employment opportunities and otherwise adversely affect her status as an employee because of her age and disability.

11. The unlawful employment practices complained of in paragraph 9 above were intentional and were carried out with malice and/or reckless indifference to the federally protected rights of the Charging Party.

12.     The unlawful employment practices complained of in paragraph 9 above were willful, within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in age and disability discrimination against employees, and engaging in any other employment practices which discriminate on the basis of age or disability.

B.      Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees and that eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make whole Charging Party, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay, liquidated damages, and prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including reinstatement.

D.  Order Defendant to make whole Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

E.  Order Defendant to make whole the Charging Party by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, anxiety, stress, depression, and humiliation, in amounts to be determined at trial.

F.  Order the Defendant to pay Charging Party punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper.

H.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REEMS
Associate General Counsel

6/8/2007
Date

ROBERT K. DAWKINS
Regional Attorney
Michigan Bar No. P-38289
REBECCA E. LEINTZ
Trial Attorney
Georgia Bar No. 101106

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (404) 562-6818
Facsimile: (404) 562-6905